Kerry K. Fennelly (SBN 232621)
kfennelly@donaldsonandcornwell.com
Valentina S. Mindirgasova (SBN 272746)
vmindirgasova@donaldsonandcornwell.com
Cornwell & Baldwin
1017 East Grand Avenue
Escondido, CA 92025
(760) 747-1100 tel
(760) 747-1188 fax

Attorneys for Plaintiffs,
GCIU-Employer Retirement Fund and
Board of Trustees of the
GCIU-Employer Retirement Fund

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GCIU-EMPLOYER RETIREMENT FUND AND BOARD OF TRUSTEES OF THE GCIU-EMPLOYER RETIREMENT FUND<br><br>            Plaintiffs,<br><br>      v.<br><br>X-TREME PRINTING, INC., a Michigan corporation,<br><br>            Defendant. | CASE NO. 2:16-CV-6942<br><br>**COMPLAINT**<br><br>(1) Collection of Withdrawal Liability pursuant to ERISA § 4221(b)(1) (29 U.S.C. § 1401(b)(1));<br>(2) Payroll Audit Scheduling<br>(3) Collection of Contributions pursuant to ERISA § 515 (29 U.S.C. § 1145)<br>(4) Breach of Written Collective Bargaining Agreement and Trust Agreement |

## **COMPLAINT**

Plaintiffs, GCIU-Employer Retirement Fund ("Plaintiff Fund") and Board of Trustees of the GCIU-Employer Retirement Fund ("Board of Trustees"), for causes of action against Defendant X-Treme Printing, Inc., allege as follows:

1

COMPLAINT

## JURISDICTION AND VENUE

1.      This is an action for collection of withdrawal liability, interest, and attorneys' fees incurred by an employer as a result of a withdrawal from a multiemployer pension plan.  This is also an action to compel the production of an employer's books and records, for the purpose of determining the accuracy of its reporting to the multiemployer pension plan of the number of hours worked by its employees. These actions arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001 *et seq*.

2.      This action is also for collection of contributions due and owing to Plaintiff Fund and arises under § 515 ERISA, 29 U.S.C. § 1145, and an action for breach of written collective bargaining agreement and trust agreement.

3.      This court has jurisdiction over this action under §§ 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

4.      Venue lies in this Court under §§ 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Plaintiff Fund is administered at its principal place of business in City of Industry, California.

## PARTIES

5.      Plaintiff Fund is a multiemployer pension plan within the meaning of §§ 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

6.      Plaintiff Board of Trustees is comprised of the present trustees who are the named fiduciaries of the Fund within the meaning of § 402(a) of ERISA, 29 U.S.C. § 1102(a), and is the plan sponsor of the Fund within the meaning of §§ 3(16)(B)(iii) and 4001(a)(10) of ERISA, 29 U.S.C. §§ 1002(16)(B)(iii) and 1301(a)(10).  The Board of Trustees administers the Fund at 13191 Crossroads Parkway North, Suite 205, City of Industry, California 91746-3434.

7.      Pursuant to §§ 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Board of Trustees is authorized, as a named fiduciary, to bring this

2

COMPLAINT

action on behalf of the Fund, its participants and beneficiaries. The Fund is also authorized to bring this action in its own name pursuant to a provision contained within Article VIII, Section 18 of the Fund's Trust Agreement, which permits all legal actions to be prosecuted in the name of the Fund.  A true and correct copy of the Fund's Trust Agreement is attached hereto as Exhibit 1.

8.      Defendant X-Treme Printing, Inc. ("X-Treme") is a corporation organized under the laws of the State of Michigan.

9.      At all times relevant to this action, Defendant has been an "employer" as the term is defined by § 3(5) of ERISA, 29 U.S.C. § 1002(5), and was engaged in an industry affecting commerce, as defined by section 301(a) of the Labor-Management Relations Act, 29 U.S.C. § 185(a).

## FIRST CAUSE OF ACTION

### (Default on Payment Obligation for Withdrawal Liability)

10.    Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 9 of this Complaint as though fully set forth herein.

11.    During all relevant times, X-Treme made contributions to the Plaintiff Fund on behalf of its employees per a Collective Bargaining Agreement with the International Brotherhood of Teamsters Detroit-Toledo-Lansing-Flint Local 2/289M of District Council 3 ("Local Union"). A true and correct copy of the Collective Bargaining Agreement is attached hereto as Exhibit 2.

12.    Defendant's obligation to contribute to the Plaintiff Fund ceased in 2012 because Defendant withdrew from participation in the Plaintiff Fund.

13.    As a result, Plaintiffs provided X-Treme with a Notice of Complete Withdrawal Liability and Demand for Payment ("Notice and Demand") on December 10, 2015, pursuant to §§ 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1). In accordance with ERISA and the Fund's Withdrawal Liability Procedures, the Fund's actuary determined that the withdrawal liability attributable to Defendant was $216,473. The Notice and Demand included a detailed calculation of

3

how the amount of the withdrawal liability assessment was calculated by the actuary. A true and correct copy of the Notice and Demand with the detailed calculations is attached hereto as Exhibit 3.

14.    The Notice and Demand also provided X-Treme with a payment schedule for the withdrawal liability assessment in accordance with the requirements § 4219(c) of ERISA, 29 U.S.C. § 1399(c). A copy of the payment schedule is labeled as exhibit 2 of Exhibit 3 attached hereto.

15.    X-Treme failed to exercise its rights under § 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A), to ask Plaintiffs to review the assessment, to identify any inaccuracies in the determination of the amount of the assessment, or to furnish any additional information to the Plaintiffs.

16.    On March 4, 2016, Plaintiffs provided via certified mail a Notice of Failure to Pay Withdrawal Liability and Demand for Cure ("Demand for Cure") to X-Treme in accordance with § 4219(c)(5) of ERISA, 29 U.S.C § 1399(c)(5). A true and correct copy of the Demand for Cure is attached hereto as Exhibit 4.

17.    Defendant did not initiate arbitration pursuant to § 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1) and the time to initiate arbitration has expired.  Consequently, the amounts demanded by the Fund are due and owing pursuant to § 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

18.    Defendant has failed to make the required withdrawal liability payment(s) to the Fund and thus is in default within the meaning of § 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

## SECOND CAUSE OF ACTION

(Audit of Books and Records)

19.    The allegations of Paragraphs 1 through 18 are incorporated by reference as if fully restated.

20.    The Collective Bargaining Agreement and the Trust Agreement obligate the Defendant to permit the Plaintiffs, on demand, to check, examine and audit its books

COMPLAINT

and records, including its payroll records, relating to hours worked by all employees, including Union, non-Union, bargaining unit, and non-bargaining unit employees, of the Defendant.

21.    Defendant is contractually liable under the Trust Agreement and the Fund's Payroll Audit Procedures to pay the costs and expense of the audit, all auditing fees, and any and all attorney fees and costs incurred by the Plaintiffs in obtaining the audit.

22.    Defendant is contractually liable under the Collective Bargaining Agreement and Trust Agreement to timely report on a monthly basis the number of hours worked by all of its employees performing bargaining unit work.

23.    Plaintiffs require an audit covering the period January 1, 2009 through the date of Defendant's withdrawal from the Plaintiff Fund to determine whether Defendant has accurately reported the number of hours worked by its employees.

24.    Defendant, therefore, must be ordered to produce its books and records for Plaintiffs' review and audit, to pay the cost and expense of such audit, to pay all auditing fees, and to pay all attorneys' fees and costs incurred in obtaining that audit.

25.    In the event it is discovered that the Defendant has not properly submitted accurate reports to the Plaintiffs and has not properly paid the appropriate monies to the Plaintiffs, the Court must enter a judgment for any and all contributions that are determined to be due, plus the applicable interest thereon, liquidated damages, costs and expenses of collections, audit fees and attorneys' fees.

## THIRD CAUSE OF ACTION

### (Collection of Minimum Annual Benefit Contributions)

26.    Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27.    Section 515 of ERISA, 29 U.S.C. § 1145, provides that:

> "Every employer who is obligated to make contributions
> to a multi-employer plan under the terms of the plan
> or under the terms of a collectively bargained agreement
> shall, to the extent not inconsistent with law, make such
> contributions in accordance with the terms and conditions

of such plan or such agreement."

1

2   28.    Pursuant to X-Treme's Collective Bargaining Agreement with the Local, X-

3   Treme is bound by the terms, conditions, rules, and regulations of the Plaintiff Funds'

4   Trust Agreement, Collections Procedures, and Rehabilitation Plan.

5   29.    The Collective Bargaining Agreement and the Trust Agreement obligate

6   Defendant to remit contributions to the Plaintiff Fund.

7   30.    Moreover, Plaintiff Fund's Rehabilitation Plan obligates each participating

8   employer to pay a minimum annual contribution amount. Specifically, the

9   Rehabilitation Plan states that,

10          "Effective for each calendar year on or after the adoption of
            the Rehabilitation Plan by the bargaining parties, the required
11          minimum contributions (including the base contribution and
            the rehabilitation plan contributions increases) for each
12          employer (determined on a controlled group basis) will be no
            less than the total annual contributions for the that employer
13          from September 1, 2008 through August 31, 2009."

14  A true and correct copy of the relevant Rehabilitation Plan provision is attached hereto

15  as Exhibit 5.

16  31.    Between September 1, 2008 through August 31, 2009, ("base period"), X-

17  Treme's contributions totaled $1,760. Thus under the Rehabilitation Plan, X-Treme's

18  minimum annual contribution requirement was $1,760.

19  32.    Due to X-Treme's withdrawal from Plaintiff Fund, its minimum annual

20  contributions for 2012 were prorated. Specifically, for the period of January 1, 2012

21  through March 31, 2012, X-Treme's prorated minimum annual contribution

22  requirement was $439.98.

23  33.    For the period of January 1, 2012 through March 31, 2012, X-Treme made a total

24  of $412.50 in contributions. As such, X-Treme underpaid its minimum total annual

25  contribution by $27.48.

26  34.    X-Treme owes a total of $27.48 in underpaid fringe benefit contributions with

27  respect to the hours worked by employees covered by the Collective Bargaining

28  Agreement during the period of January 1, 2012 through March 31, 2012.

6

COMPLAINT

35.     Defendant has not paid the $27.48 due and owing.

36.     In addition to the above and pursuant to the Collective Bargaining Agreement, the Trust Agreement, the Collections Procedures, and 29 U.S.C. §1132(g)(2), in the event the Defendant fails to timely remit the contributions, it is liable not only for the amount of contributions due, but also for the following: (1) interest on the unpaid and untimely paid Fund contributions, at the rate of ten percent (10%) per annum, plus (2) the greater of interest on the unpaid and untimely paid Fund contributions or liquidated damages equal to twenty percent (20%) of those delinquent contributions; plus (3) costs and fees of collection and attorneys' fees.

37.     As a result, Defendant owes $27.48 underpaid total minimum annual contributions for the period of January 1, 2012 through March 31, 2012; applicable interest and liquidated damages; and attorney's fees and costs.

## FOURTH CAUSE OF ACTION

(Breach of Written Collective Bargaining Agreement and Trust Agreement)

38.     Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 37 of this Complaint as though fully set forth herein.

39.     During all relevant times, Defendant was bound by the Collective Bargaining Agreement with the Local Union under which it was required to make contributions to the Fund on behalf of its employees.

40.     As a signatory to the Collective Bargaining Agreement, the Defendant is bound by the terms and conditions, rules and regulations of the Plaintiff Fund's Trust Agreement.

41.     Under Article IX, Section 2 and 3 of the Trust Agreement governing the Plaintiff Fund, Defendant is contractually liable to timely report on a monthly basis the hours worked by all of its employees performing bargaining unit work and pay contributions to the Plaintiff Fund accordingly.

42.     In the event an employer does not pay its contributions in a timely manner, under Article IX, Section 6 of the Trust Agreement, the delinquent employer is liable for

7

liquidated damages of ten percent (10%) of the amount of the contributions owed, or twenty five dollars ($25.00), whichever is greater. In addition, delinquent contributions also bear interest at the rate of ten percent (10%) per annum until paid, computed from the contribution due date.

43.     Between May 2010 and March 2012, Defendant failed to make its contributions in a timely manner as required under the Trust Agreement. As a result, Defendant breached the terms of its Collective Bargaining Agreement with the Local Union and the Fund's Trust Agreement to make timely contributions.

44.     As a result of Defendant's delinquency, $550.00 in liquidated damages and $191.10 in interest accrued on the delinquent contributions for the period of May 2010 through March 2012.

45.     While the Defendant paid its May 2010 through March 2012 contributions, it did not pay the $550.00 in liquidated damages and $191.10 in interest.

46.     Defendant's failure to pay the liquidated damages and interest is also beach of the terms of its Collective Bargaining Agreement with the Local Union and the Fund's Trust Agreement.

47.     Defendant owes $550.00 in liquidated damages and $191.10 in interest.

WHEREFORE, Plaintiffs request the following relief:

(a) On Plaintiffs' First Cause of Action, a judgment against Defendant, and on behalf of Plaintiffs, pursuant to § 4301(b) of ERISA, 29 U.S.C. § 1451(b), for:

    (i)     the past due withdrawal liability payment of $163,123;

    (ii)    interest at the prevailing market rate pursuant to § 4219(c)(6) of ERISA, 29 U.S.C. § 1399(c)(6), on the total amount of unpaid withdrawal liability due and owing from February 8, 2016 until paid;

    (iii)   Plaintiffs' reasonable attorneys' fees and costs of the action; and

    (iv)    Such other legal and equitable relief as the Court deems appropriate.

8

COMPLAINT

(b) On Plaintiffs' Second Cause of Action, judgment against the Defendant, and on behalf of Plaintiffs,

    (i)    Requiring it to produce its books and records covering the period of January 1, 2009  to date of Defendant's withdrawal from the Fund for Plaintiffs' review and audit, to pay the costs and expense of such audit, to pay all auditing fees, and to pay all attorneys' fees and costs incurred in obtaining that audit; and

    (ii)    For any all contributions and deductions that are determined to be due, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys' fees.

(c) On Plaintiffs' Third Cause of Action, a judgment against the Defendant for:

    (i)    $27.48 in underpaid minimum annual benefit contributions for the period of January 1, 2012 through March 31, 2012;

    (ii)    Judgment against the Defendant for (1) interest from April 29, 2013, at the rate of ten percent (10%) per annum; plus (2) the greater of interest on the $27.48 in delinquent contributions or liquidated damages equal to ten percent (10%) of those delinquent contributions; plus (3) costs and fees of collection and attorneys' fees.

    (iii)    Such other legal and equitable relief as the Court deems appropriate.

(d) On Plaintiffs' Fourth Cause of Action, a judgment against the Defendant for:

    (i)    $550.00 in liquidated damages and $191.10 in interest; and

///
///
///
///
///
///

COMPLAINT

1                   (ii)     Such other legal and equitable relief as the Court deems appropriate.

Dated: September 15, 2016         /s/ Valentina S. Mindirgasova
Kerry K. Fennelly
Valentina S. Mindirgasova
Cornwell & Baldwin
1017 East Grand Avenue
Escondido, CA 92025
(760) 747-1100
(760) 747-1188
kfennelly@donaldsonandcornwell.com
vmindirgasova@donaldsonandcornwell.com

Attorneys for Plaintiffs

COMPLAINT